UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIAN M. GERMANI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE FARM INSURANCE COMPANY, et al.,<br><br>　　　　Defendants. | Case No.  14-cv-03378-EDL<br><br>**ORDER** |

　　　　On December 24, 2014, the Court issued an Order to Show Cause, stating that Plaintiff had not appeared to have served any Defendants within the time frame required by Federal Rule of Civil Procedure 4(m) despite having been granted a continuance of the case management conference in order to do so. Docket No. 10. The Court ordered Plaintiff to show cause no later than January 5, 2015 as to why this case should not be dismissed for failure to prosecute.

　　　　On December 31, 2014, Plaintiff filed a Motion for Request of Production of Documents (docket no. 13) and a "Motion Requesting Issuance of Two Respondents The City and Mr. Younger" (docket no. 14). Plaintiff also filed a Motion for Entry of Default (docket no. 11), which was declined by the Clerk's Office (docket no. 15). While Plaintiff did not file a specific response to the Court's Order to Show Cause and there is no indication that she has served any Defendants, the Court construes the "Motion Requesting Issuance of Two Respondents The City and Mr. Younger" as a response to the Order to Show Cause on the question of service of the complaint.

　　　　The "Motion Requesting Issuance of Two Respondents The City and Mr. Younger" appears to be a request that the Court order the United States Marshal's Office to serve the summons and complaint on these Defendants pursuant to Federal Rule of Civil Procedure 4(c)(3).

Rule 4(c)(3) provides that: "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). Service by the United States Marshals' Office is normally ordered when a plaintiff qualifies to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Here, Plaintiff paid the filing fee in this case and did not apply to proceed *in forma pauperis*. Further, she has not made any showing through a declaration under penalty of perjury in connection with this motion that she does not have the financial means to accomplish service on these Defendants. Thus, Plaintiff has not shown that she is entitled to relief under Rule 4(c)(3), and the "Motion Requesting Issuance of Two Respondents The City and Mr. Younger" is denied without prejudice. Further, even if Plaintiff had made a showing to support relief under Rule 4(c)(3), the time period to serve Defendants has passed, and she has not shown good cause under Rule 4(m) in connection with this Motion to extend the time to serve Defendants. Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). Plaintiff must still show good cause as to why this case should not be dismissed for failure to serve the complaint, and the Court warns Plaintiff that it will not necessarily excuse any missed deadlines.

Plaintiff's Motion for Request for Production of Documents is also denied without prejudice. In general, discovery is not permitted until the parties have engaged in the meet and confer process. See Fed. R. Civ. P. 26(d). Further, a motion to compel is normally only proper after a party fails to respond to discovery requests that have been served on it. See Fed. R. Civ. P. 37(a). Here, there is no indication that Defendants have been served, and discovery has not opened.

This matter is set for a Case Management Conference on February 10, 2015 at 10:00 a.m. A Case Management Conference statement, including Plaintiff's showing of good cause for failure to serve the complaint and an update as to the status of service of the complaint, shall be filed no later than February 3, 2015.

2

As stated in the Court's August 19, 2014 Order, Plaintiff may wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling (415) 782-8982 or signing up for an appointment on the 15th Floor or the Courthouse, Room 2796. At the Legal Help Center, Plaintiff may speak with an attorney who may be able to provide basic legal help, but not legal representation. The Court also urges Plaintiff to obtain a copy of the Pro Se Handbook, available free of charge from the Court's website (www.cand.uscourts.gov) or in the Clerk's Office on the 16th Floor, 450 Golden Gate Avenue, San Francisco, CA.

**IT IS SO ORDERED.**

Dated: Jan 20, 2015

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge