UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIAN M. GERMANI,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No.  14-cv-03378-EDL<br><br>**ORDER**<br><br>Re: Dkt. Nos. 21, 22 |

This case was closed on February 17, 2015.  On February 18, 2015, a third party named Donald Collier filed a Motion of a Conflict of Interest in a Previous Matter.  This motion refers to prior cases that Mr. Collier had in this court.  On February 26, 2015, Plaintiff filed a document entitled Motion of Declination Against Elizabeth D. Laporte Due to a Conflict of Interest.

It appears that Mr. Collier and Plaintiff seek the Court's recusal in this closed case. Recusal is governed by statute, stating in relevant part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> 
> (b) He shall also disqualify himself in the following circumstances:
> 
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected

>                    by the outcome of the proceeding;
>           (5) He or his spouse, or a person within the third degree of
>   relationship to either of them, or the spouse of such a person:
>           (i) Is a party to the proceeding, or an officer, director, or
>   trustee of a party;
>           (ii) Is acting as a lawyer in the proceeding;
>           (iii) Is known by the judge to have an interest that could be
>   substantially affected by the outcome of the proceeding;
>           (iv) Is to the judge's knowledge likely to be a material
>   witness in the proceeding.

28 U.S.C. § 455. This case is now closed so there is no proceeding for the Court to recuse itself from. Further, Mr. Collier and Plaintiff have not established that the Court should have recused itself under any of these bases. In particular, the Court did not make any substantive rulings in Collier's earlier cases, which were closed well before this case was filed, and Mr. Collier is not a party to this case. Further, the Court provided Plaintiff with opportunities to show cause as to why her case should not be dismissed, but Plaintiff failed to do so.

Plaintiff's motion also appears to be an attempt to withdraw her consent to magistrate judge jurisdiction. Withdrawal of consent in civil cases is only permitted in extraordinary circumstances. See 28 U.S.C. § 636(c)(4); Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) ("Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn by the court only 'for good cause shown on its own motion, or under extraordinary circumstances shown by any party.' There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge.") (internal citations omitted). Plaintiff has not pointed to any extraordinary circumstances to justify withdrawal of consent.

These motions are denied as moot because this case is closed. Substantively, Mr. Collier's motion is denied on the ground that he is not a party to this case and therefore, cannot file motions in this case, as well as on the grounds that this case is closed and there is no conflict of interest requiring recusal. Plaintiff's motion is denied because this case is closed and there is no conflict of interest requiring recusal. In addition, Plaintiff's attempt to withdraw consent is not well-taken.

**IT IS SO ORDERED.**

Dated: March 4, 2015

_____
Elizabeth D. Laporte
United States Magistrate Judge